UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSE A. BRUNA                                              CIVIL ACTION

VERSUS                                                     NO. 11-1298

BAC HOME LOANS SERVICING, LP                               SECTION "K"(3)

### ORDER AND OPINION

Before the Court is a motion to dismiss filed on behalf of BAC Home Loans Servicing, LP ("BAC"), which seeks to dismiss, with prejudice, all claims of Jose A. Bruna ("Bruna"). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion.

I.   BACKGROUND

Mr. Bruna obtained a mortgage loan on his property from BAC. Thereafter, he received a letter from BAC informing him that he had been approved for a loan modification in order to help him achieve more affordable payments and possibly keep his home. This letter instructed Mr. Bruna, "[t]o accept this offer, please sign the attached agreement and return it in the enclosed FedEx envelope by October 14, 2010." (Doc 11, Ex. 1). Mr. Bruna signed this agreement on October 8th. The parties disagree as to whether Mr. Bruna returned the agreement to BAC by the 14th. The agreement was embossed at the bottom with the company's name. The agreement contained a signature line for Mr. Bruna. Although the agreement contained no signature line for a representative of BAC, it is undisputed that BAC sent Mr. Bruna the

1

agreement and that the loan modification agreement had the lender's name embossed on the bottom.

Mr. Bruna's mortgage contains a provision that requires him to notify BAC prior to commencing judicial action so the company will have time to correct itself if necessary. In a letter dated March 19, 2011, counsel for Mr. Bruna notified counsel for BAC, "[i]f we cannot get this matter resolved, we will have no option but to file suit against your client to compel them to: 1. [c]omply with the Loan Modification Agreement which they offered and our client accepted; 2. [p]rovide us a monthly payment schedule including the appropriate escrow; 3. [a]ccept the monthly payments." (Doc 11, Ex. 1). Whether or not Mr. Bruna further communicated with BAC is disputed by the parties.

On May 13, 2011, Mr. Bruna filed a petition in the 24th Judicial District Court for the Parish of Jefferson against BAC to enforce the loan modification agreement. Thereafter, BAC removed the suit pursuant to 28 U.S.C. § 1441.

II.     LAW AND ANALYSIS

BAC seeks to dismiss all claims of Mr. Bruna pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for two separate reasons. First, BAC contends that the Louisiana Credit Agreement Statute, La.Rev.Stat. 6:1121, *et seq.*, bars Mr. Bruna's claims because the loan modification agreement is not signed by both Mr. Bruna and BAC. Second, BAC asserts that Mr. Bruna failed to comply with the pre-suit notice provision of his mortgage.

A.     Legal Standard for Motion to Dismiss

In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007), the Supreme Court "retired" the *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-

102, 2 L.Ed.2d 80 (1957), standard for analyzing a motion to dismiss under Rule 12(b)(6) which held that a district court may not dismiss a complaint for failure to state a claim "unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Noting that the *Conley* pleading standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard," the Supreme Court announced that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. Id., 127 S.Ct. at 1969. "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *In Re: Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his favor, the complaint states any valid claim for relief." *Lowery v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997) quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1357, at 601 (1969).

B.      The Louisiana Credit Agreement Statute

"A debtor shall not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth relevant terms and conditions, and is signed by the creditor and the debtor." La.Rev.Stat. 6:1122. The Louisiana Supreme Court has interpreted that provision to preclude all actions for damages arising from oral credit agreements, regardless of

the legal theory asserted. *Jesco Const. Corp. v. Nationsbank Corp.*, 830 So. 2d 989, 992 (La. 2002).

Prior to the enactment of the Louisiana statute, there had been a surge of lender liability litigation that often times rested on allegations of breached undocumented side agreements between customers and one or more bank officers. *Whitney National Bank v. Rockwell*, 661 So. 2d 1325, 1329 (La. 1995). The goal of the statute was to prevent borrowers from bringing baseless lender liability claims against banks. *Id.* at 1329. Essentially, it sought to introduce certainty into what was too often an informal process. *Id.* at 1330.

"[C]redit agreement statutes operate to preclude a borrower's affirmative actions for damages based on oral side agreements." *Id*. Thus, the Louisiana statute is not a defensive mechanism for lenders, but rather establishes requirements that a borrower must meet when asserting a credit agreement as a defense to a lender's actions. *See Whitney National Bank v. Rockwell,* 661 So. 2d at 1330.

In the present case, Mr. Bruna, through no action of his own, received a letter from BAC informing him that "BAC Home Loans Servicing, LP, the Bank of America company that services your loan, has approved you for a loan modification that is available to help you achieve more affordable payments and possibly keep your home." (Doc 11, Ex. 1). Then, Mr. Bruna simply followed the instructions given by BAC, and signed his name on the only space provided in the attached agreement, which was adorned with the company's name. Under these facts, to allow BAC to claim the lack of their own signature as a defense to the enforcement of this agreement would be an injustice, and is clearly not in accord with the spirit of the Louisiana Credit Agreement Statute. Accordingly, it does not bar Mr. Bruna from seeking to enforce the

agreement.

C.      The Pre-Suit Notice Provision

Louisiana Code of Civil Procedure Article 423 provides:

> An obligation implies a right to enforce it which may or may not accrue immediately upon the creation of the obligation. When the obligation allows a term for its performance, the right to enforce it does not accrue until the term has elapsed. If the obligation depends upon a suspensive condition, the right to enforce it does not accrue until the occurrence or performance of the condition. When an action is brought on an obligation before the right to enforce it has accrued, the action shall be dismissed as premature, but it may be brought again after this right has accrued.

The Louisiana Supreme Court has interpreted this simply to mean that an obligee cannot file suit until the occurrence of the term or suspensive condition. *Wynat Development Co. v. Board of Levee Commissioners*, 710 So. 2d 783, 791 (La. 1998).

Mr. Bruna's mortgage contains a provision requiring him to notify BAC prior to commencing judicial action. Mr. Bruna notified counsel for BAC in a letter prior to the commencement of the current litigation. The parties disagree as to whether or not the notice provided was sufficient. Based on the current record, the Court is unable to conclude that Mr. Bruna failed to notify BAC. Should BAC wish to continue to pursue dismissal under this theory, it may reurge its motion with additional evidence. Accordingly,

**IT IS ORDERED** that the motion to dismiss filed on behalf of BAC Home Loans Servicing, LP, which seeks to dismiss, with prejudice, all claims of Jose A. Bruna is **DENIED**.

New Orleans, Louisiana, this 5th day of July, 2011.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE